# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AHMAD S. MUHANNA | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-68 |
| | § | Judge Mazzant |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, ET AL | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Jeh C. Johnson, Leon Rodriguez, Tracy Tarango, United States Citizenship & Immigration Services, and United States Department of Homeland Security's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss All Claims other than 8 U.S.C. § 1421(c) (Dkt. #21). After reviewing the relevant pleadings, the Court finds that Defendants' motion should be denied.

## BACKGROUND

Plaintiff Dr. Ahmad S. Muhanna is a citizen of Palestine (Dkt. #19 at ¶ 10). Plaintiff is currently classified as a lawful permanent resident of the United States (Dkt. #19 at ¶ 2). Plaintiff filed an application for naturalization, which the United States Citizenship and Immigration Services (the "USCIS") denied on February 14, 2012 (Dkt. #19 at ¶ 10). Plaintiff appealed this decision, and a final administrative denial was issued on November 7, 2014 (Dkt. #19 at ¶ 10).

On January 29, 2015, Plaintiff filed his original Petition for De Novo Review of Denial of Application for Naturalization and Request for a Hearing Pursuant to 8 U.S.C. § 1421(c) (Dkt. #1). On May 6, 2015, Defendants filed their Partial Answer to Petition for De Novo Review of Denial of Application for Naturalization and Request for a Hearing Pursuant to 8 U.S.C. § 1421(c) (Dkt. #16). On May 20, 2015, Plaintiff filed his Amended Petition for De Novo Review of Denial of Application for Naturalization and Request for a Hearing Pursuant to 8 U.S.C. § 1421(c) (Dkt. #19). On June 3,

Defendants filed their Partial Answer to Amended Petition for De Novo Review of Denial of Application for Naturalization and Request for a Hearing Pursuant to 8 U.S.C. § 1421(c) (Dkt. #22).

On June 3, 2015, Defendants filed their Motion to Dismiss All Claims Other Than 8 U.S.C. § 1421(c) (Dkt. #21). On June 11, 2015, Plaintiff filed his Response to Defendants' Motion to Dismiss All Claims Other Than 8 U.S.C. § 1421(c) (Dkt. #23). On June 18, 2015, Defendants filed their Reply in Support of Motion to Dismiss All Claims Other Than 8 U.S.C. § 1421(c) (Dkt. #24).

## LEGAL STANDARD

*12(b)(1) Motion to Dismiss*

Defendant moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction over those cases arising under federal law. U.S. Const. Art. III, § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A Federal Rule of Civil Procedure 12(b)(1) motion should be granted only if it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-557 (2007) (Stating that Court reviews a Federal Rule of Civil Procedure 12(b)(1) motion just as it would a 12(b)(6) motion). However, the Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to

the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) motion before addressing other motions to dismiss. *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). The Court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

*12(b)(6) Motion to Dismiss*

Defendant also moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

## ANALYSIS

The parties agree that Plaintiff has raised an issue regarding a claim under 8 U.S.C. 1421(c) and that the Court has jurisdiction over this claim (Dkt. #21 at p. 1). Plaintiff made clear in his reply that he was not asserting additional claims, but only alluding to other issues that might arise during Plaintiff's hearing (Dkt. #23 at pp. 1-2) ("The Amended Petition states one cause of action only . . . the only jurisdictional basis of the Amended Petition is 1421(c).") After reviewing the relevant pleadings, the Court finds that Plaintiff has stated a plausible claim for purposes of defeating a Rule 12(b)(1) and 12(b)(6) motion to dismiss. Plaintiff has asserted a claim under 8 U.S.C. 1421(c) and has not asserted claims under the Administrative Procedure Act, the First Amendment, or any other statutes implicated by the USCIS's decision (Dkt. #23 at p. 2).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Rule 12(b)(1) and 12(b)(6) Motion to Dismiss (Dkt. #21) is hereby **DENIED**.

**SIGNED this 9th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE